Matter of Tai-Gi K. (Nadine B.) (2020 NY Slip Op 00586)





Matter of Tai-Gi K. (Nadine B.)


2020 NY Slip Op 00586


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2019-01966
 (Docket No. B-15886-17)

[*1]In the Matter of Tai-Gi K. Q.-N. B. (Anonymous). Heartshare St. Vincent's Services, respondent; Nadine B. (Anonymous), appellant.


Center for Family Representation, Inc., New York, NY (Emily S. Wall, Michele Cortese, and Vasilios Stotis of counsel), for appellant.
Wingate Kearney & Cullen, LLP, Brooklyn, NY (Claire Steinman of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Diane Costanzo, J.), dated January 14, 2019. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The subject child, who was born on January 15, 2012, entered foster care on June 15, 2012, based on allegations that starting when he was four days old, the mother left him with a neighbor for five months without making a plan for his care or providing any provisions, financial assistance, or contact information. On August 7, 2017, the petitioner commenced this proceeding to terminate the mother's parental rights, alleging that the child was permanently neglected. By proceeding on this ground, the petitioner was obligated to prove, by clear and convincing evidence, that the mother "failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date [the] child came into the [petitioner's] care . . . substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the [petitioner's] diligent efforts to encourage and strengthen the parental relationship when such efforts [would] not be detrimental to the best interests of the child" (Social Services Law § 384-b[7][a]).
The evidence at the fact-finding hearing established that in May 2016, the mother had adequate housing for the child, that in June 2016, she had completed her service plan and was having [*2]unsupervised parental access with the child, and that in July 2016, she was having overnight and weekend parental access. In November 2016, the Family Court directed that the petitioner implement a trial discharge to the mother, and a trial discharge commenced on December 23, 2016. Although at that time the mother resided in Manhattan and the child was attending school in Brooklyn, the petitioner did not provide any assistance with regard to transferring the child to a school closer to the mother in Manhattan, did not provide any assistance with the child's transportation to and from his school in Brooklyn, and did not provide other appropriate services to the family. The trial discharge failed in April 2017. According to the petitioner's witness, the trial discharge failed after the petitioner became aware that the mother had not taken the child into her full-time custody. According to the mother, the child spent weeknights with the foster mother in Brooklyn, because of the long commute between the mother's apartment in Manhattan and the child's school in Brooklyn. After the trial discharge failed in April 2017, the mother consistently attended her scheduled supervised parental access two hours per week until the petition was filed on August 7, 2017.
Under the circumstances presented, the petitioner failed to establish by clear and convincing evidence that, during the relevant period of time, the mother failed to maintain contact with or plan for the future of the child, and further, that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a], [c], [f]; Matter of Legend S. [Tawana T.], 156 AD3d 438, 439-440). Accordingly, the Family Court should have denied the petition and dismissed the proceeding.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court